GREYSTONE HOTEL CORPORATION, Plaintiff, *v.* WILLIAM MORROW, Defendant.

First Department, June 3, 1952.

*Paxton Blair* of counsel (*Barnet S. Blume* with him on the brief; *Wolfert, Blume & Hendlin,* attorneys), for plaintiff.

*Frederick Katz* of counsel (*William Levin* with him on the brief), for defendant.

SHIENTAG, J.   This is a submitted controversy pursuant to section 546 of the Civil Practice Act.   The question presented is whether a rent increase order made by the Temporary City Housing Rent Commission on August 20, 1948, has been rendered inoperative by virtue of the order of this court dated October 31, 1949, in *Matter of Zarnes* v. *Finkelstein* (275 App. Div. 1038).

An appeal was taken to the Supreme Court by one of the tenants of the hotel affected by the increase order on behalf of himself and others similarly situated.   He petitioned the Supreme Court, New York County, for an order under article 78 of the Civil Practice Act to annul the rent increase order in controversy.   Special Term made an order denying that application.   An appeal was taken to this court from the order of the Special Term.   This court issued the following memorandum: " Order unanimously reversed, with $20 costs and disbursements to the appellant against the respondent Greystone Hotel Corporation, and the matter remitted to the Temporary City Housing Rent Commission of the City of New York for further consideration."   The order of this court which was settled provided that the order of the Special Term appealed from be reversed on the law and the matter remitted to the City Rent Commission for further consideration.   The controversy here submitted for determination arises because the Temporary City Housing Rent Commission went out of existence before reconsidering the issues involved.

The plaintiff landlord, who sues the tenant for the difference between the rent paid and the rent ordered by the City Rent Commission, relies largely upon the fact that this court struck language from the proposed orders submitted which provided that the order of the City Rent Commission be " annulled."

The landlord contends that because this court did not adopt the proposed provision for the annulment of the order of the City Rent Commission the effectiveness of the rent increase order in question was not impaired. This contention cannot be sustained. By reversing the order of the Special Term affirming the determination of the rent commission and by directing that commission to reconsider the rent increase order, this court clearly intended that the effectiveness of the order was to be suspended until such time as the reconsideration took place. Although we did not use the word "annul", we intended our order to have the same effect as though, in an analogous situation, we had ordered a reversal and a new trial of the issues. There was nothing to have prevented the landlord from applying for relief which, in part at least, could have been granted by the State Rent Commission, when it took over substantially the functions of the temporary city agency. Judgment accordingly should be directed in favor of the defendant, with costs. Settle order.

PECK, P. J., DORE, COHN and VAN VOORHIS, JJ., concur.

Judgment directed in favor of the defendant, with costs. Settle order on notice. [See *post,* pp. 890, 915.]